## LUCY CHILES v. THE STATE.

MURDER.—Being tried for the murder of her husband, the appellant was convicted of murder in the second degree, and her punishment was assessed at imprisonment in the penitentiary for the term of sixty years. *Held*, that the punishment cannot be said to be excessive.

Appeal from the District Court of Grayson.    Tried below before the Hon. R. R. Gaines.

The appellant and ·Albert Chiles, her husband, resided in the town of Sherman at the time of the homicide, having been married some twelve years.    William Doss, the ·co-defendant of the appellant, lived with them ; and Albert Chiles, a short time previous to his death, spoke to a witness about the illicit connection existing between Doss and the appellant.

It was proved that Albert Chiles was killed on the evening of January 5, 1876, by a gun-shot in the left side.

Sarah Young, a near neighbor of the parties, testified for the state that she was at the house of the deceased about half an·hour before he was shot ; that Lucy was then on the bed, apparently asleep, Doss seated on a trunk, and Albert Chiles lying on the floor, and apparently asleep.    Witness went from there to her own house, and about half an hour afterwards heard a noise at Chiles' house, as though chairs were being thrown down, and also heard what she took to be a blow.    She started to go to Chiles' house, and in a few moments saw Albert and Lucy come out of the house, side by side, the former holding a stick about as long and large as a chair post.    They walked along together from ·twenty to thirty steps, which brought them in front of where Doss was then standing.    When they thus came opposite to Doss, Lucy Chiles cried out, " Here is the d—d son of a bitch ; go for him."    Lucy and Albert both commenced to run, and Doss commenced shooting at Albert with a pistol, and followed him up, continuing to shoot until he fired some four or five shots, by which Albert, after running fifteen or ·twenty steps, was brought to the ground, falling across the :stick, and dying in a few moments.

Other evidence proved that, several days previous to the killing, Lucy made very virulent threats to kill Albert, or

have him killed; and the pistol used by Doss was identified. as one which Lucy had about a week before the homicide.

No errors were assigned; but the motion for a new trial complained that the punishment assessed by the jury was. excessive.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

White, J.   The appellant, Lucy Chiles, and one William Doss were jointly indicted for the murder of one Albert Chiles, who was the husband of this appellant. A trial of both parties jointly was first had, which resulted in a verdict of murder in the first degree, and the penalty assessed at death by hanging. Upon a motion by defendants, this verdict was set aside and a new trial granted.

At the July term, 1876, the case having again come on for trial, the defendants asked and obtained leave to sever,. and the prosecuting attorney elected to place this appellant,. Lucy Chiles, first upon trial. This second trial resulted in. the conviction of the defendant of murder of the second degree, with her punishment affixed at imprisonment in the state penitentiary for a period of sixty years. From this verdict and judgment she has appealed to this court.

We have examined the record with that care which the. seriousness of the crime charged, the relationship between the defendant and the murdered party, the sex of the accused, and the heavy penalty denounced, have seemed,. when considered together, to demand at our hands; and we have found no error in the proceedings. The facts. stated show no extenuation or excuse for a faithless wife,. who, with her guilty paramour, planned and accomplished the assassination of her own husband.

The law is no respecter of persons or sex, when the

deliberate wantonness of crime shows, as in this case, that it was perpetrated in the maturity of purpose, originating in a mind fatally bent upon mischief.

Some exceptions seem to have been taken to the charge of the court, though we find no bills incorporated in the transcript. A careful examination of the charge has convinced us that the law applicable to the case was clearly, fully, and faithfully announced by the court. No additional instructions were asked by defendant.

The facts as presented to us fully justified the jury in the conclusion of guilty, found by the verdict; and, as to the punishment affixed, it cannot be said to be excessive when the limits prescribed by law were not exceeded in its assessment.

The judgment of the lower court is in all things affirmed. *Affirmed.*